[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for civil contempt, brought by plaintiff, John Primo, against: his former wife, Salvatrice Primo, for violating an order of the Superior Court of Hartford alleging interference with his minor child's (Michael) continuing education at Sacred Heart School.
The record reveals a long and arduous history of the parties in combat within the family court system. A dissolution of marriage was granted on December 14, 1985, with the plaintiff having custody of their minor child. In 1987, the judgment was modified to provide that the defendant have custody of the minor child with reasonable rights of visitation in the plaintiff. The minor child was enrolled in Sacred Heart School, a private parochial school, for several years prior to the Fall of 1995. In August of 1995, the defendant, on her own, enrolled Michael in the public school system of New Britain without consulting the plaintiff. On August 29, 1995, plaintiff became aware of this situation and on August 31, 1995, petitioned this court for emergency relief to enjoin the defendant from interfering with the child's continued education at Sacred Heart School. The Motion for Emergency Relief was granted on August 31, 1995 (Norko, J.). However, contrary to the court's clear ruling, the child remained enrolled in Roosevelt School after the Motion for Emergency relief was granted. Subsequently, on September 12, 1995, that order was vacated by Agreement (McWeeny, J.). On September 18, 1995, plaintiff initiated the present action for contempt.
Plaintiff's motion for contempt presents the sole issue whether conduct which squarely violates an order of the court constitutes contempt, if the underlying order is then vacated prior to filing of the motion for contempt CT Page 13327
An order by a court with proper jurisdiction "must be obeyed by the parties until it: is reversed by an orderly and proper proceedings." Cologne v. Westfarms Associates,192 Conn. 48, 66, 469 A.2d 1201 (1984); Mulholland v. Mulholland,229 Conn. 643 (1994). A contempt proceeding does not involve consideration of the legal or factual basis of the underlying order, Id., because "there is no privilege to disobey a court's order [when] the alleged contemnor believes that it is invalid." Cologne v. Cologne, 197 Conn. 141, 148,496 A.2d 476 (1985) (Cologne II). In Mulholland v. Mulholland, the Supreme Court of Connecticut confronted a similar family situation affirmed the trial court s finding of contempt.229 Conn. 643. The defendant in Mulholland was ordered to pay child support payments to the plaintiff but discontinued those payments during his appeal of the amount of the order. Id.
The plaintiff filed a motion for contempt but the defendant was not found in contempt until after the underlying child support order was subsequently vacated.
The Supreme Court held that public policy and the special considerations that attend an order of child support were sufficient to affirm the finding of contempt. Id. The Court also stated that "the area of marital dissolution litigation offers the opportunity for a degree of friction between the parties far greater than in many other areas of civil litigation." Id. at 653. Therefore, a bright line rule requiring compliance was necessary to "reduce the possibility of increased friction." Id.
Similar public policy concerns and considerations are present in the instant action for contempt. As in Mulholland,
there exists obvious potential for irreparable harm to the minor child. The Motion for Emergency Relief was granted to retain the status quo until a full hearing on the issue could be held. It was ordered that the defendant not interfere with the minor child's continuing education at the school he had been attending for years. One party's refusal to obey an order of the court not only ignores the authority of the Court but also eradicates the interests of the other parent and implicates as to what is in the best interests of the child. As with a refusal to pay child support, the potentially damaging effect falls squarely upon the child. Consequently, it was essential that the defendant obey the order forbidding her from interfering with the minor child's continuing education at Sacred Heart School until that order was vacated CT Page 13328 on September 12, 1995.
THE MOTION FOR CONTEMPT IS GRANTED.
Although the Court finds the defendant in contempt, the Court also discerns an extreme animosity between the parties with their constant presence in the court system. With the best interests of their minor child in mind, the court suggests that the parties attempt to deal with each other humanely and possibly without each others "seconds" (counsel) present.
FURTHER, the costs of this family war has to be enormous from a psychological and financial perspective to each person. Neither parties financial affidavits show any way they can afford the seemingly endless costs of litigation surrounding this poor child.
The Court orders that the defendant pay the sum of One Hundred Seventy-two Dollars and Fifty Cents ($172.50) to plaintiff at the rate of Ten Dollars ($10.00) per week.
Norko, J.